United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA IRWIN,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, N.A., and DOES I to X,<br><br>    Defendants.<br>                                          / | No. C 06-07359 WHA<br><br>**ORDER (1) GRANTING MOTION TO REMAND, (2) DENYING MOTION FOR ATTORNEY'S FEES AND COSTS, AND (3) VACATING HEARING** |

**INTRODUCTION**

In this action under the California Fair Debt Collection Practices Act, plaintiff moves to remand this action back to California state court for lack of federal question jurisdiction. Plaintiff also moves for attorney's fees and costs incurred in filing and briefing the extant motion. Defendant does not oppose the motion to remand, it does, however, oppose plaintiff's motion for attorney's fees. Plaintiff has not shown that defendant had no objective reason to remove this action, so plaintiff's motion for attorney's fees is **DENIED**. Plaintiff's motion to remand this action to state court is **GRANTED**.

**STATEMENT**

Some time in 2003 or 2004, plaintiff Linda Irwin's personal identifying information was stolen (Compl. ¶ 8). Unknown persons used her information to open up several credit card accounts, including one with defendant Bank of America, National Association, N.A. (now

1  known as FIA Card Services, N.A.), in Irwin's name and without her knowledge (*ibid*.). Irwin
2  discovered the theft in April 2005 and disputed the accounts by contacting lenders, and filing
3  police reports and fraud affidavits (*id*. at ¶ 9). All of the accounts were eventually closed except
4  the account with defendant (*id*. at ¶ 10). The fraudulent charges from that account remained on
5  plaintiff's credit report.

6  Plaintiff filed this action in California state court on October 17, 2005, alleging
7  violations of the California Fair Debt Collection Practices Act, violation of the Consumer Credit
8  Reporting Agencies Act, breach of identity theft law, libel, and unfair business practices under
9  California Civil Code Section 17200 *et seq*. Her claim under the California Fair Debt
10 Collection Practices Act contained references to the federal Fair Debt Collection Practices Act.
11 It alleges that defendant failed to cease collection activity on debts that it knew were a result of
12 identity theft, a violation of 15 U.S.C. 1692g(b). Defendant removed the action on November
13 30, 2006.

14 On January 4, 2007, plaintiff filed this motion to remand for lack of subject matter
15 jurisdiction. Plaintiff argues that the action never should have been removed because the
16 complaint asserted no federal claims or defenses. Defendant argues that this motion should
17 never have been brought because parties were very close to stipulating to remand. Defendant's
18 counsel declares that in December 2006, they had struck a deal with plaintiff's counsel to
19 stipulate to remand if plaintiff's counsel would verify that there were no federal claims asserted
20 (Rudolph Decl. ¶ 3). Plaintiff's counsel made a settlement offer on January 2, 2007, but filed
21 this motion on January 4, 2007, before defendant responded to the offer (*id*. at ¶ 9). After that,
22 parties again attempted to stipulate to remand, but plaintiff asked to be reimbursed for
23 attorney's fees and costs in bring the motion to remand before going forward with the
24 stipulation (*id*. at ¶ 10). Defendant refused.

**ANALYSIS**

26 Defendant does not oppose the motion to remand now that plaintiff has certified that the
27 complaint has no federal claims. Accordingly, plaintiff's motion to remand will be **GRANTED**.
28

2

Plaintiff's motion for attorney's fees and costs in bringing the motion remains. A district court may grant plaintiff attorney's fees and costs associated with bringing a motion to remand. 28 U.S.C. 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party had an objectively reasonable basis for removal." *Martin v. Franklin Corp.*, 546 U.S. 132, 136 (2005).

Defendant argues that the complaint appeared to state a stand-alone claim under the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. Plaintiff pleads a violation of California Civil Code Section 1788.10(c) which requires all debt-collection agencies to comply with 15 U.S.C. 1692b–j. She alleges that defendant misrepresented the status of the alleged debts on her credit report (Compl. ¶ 14a). Following that, she alleges defendants violated 15 U.S.C. 1692g(b) by refusing to stop collection activity on a debt it knew to be the result of identity theft (*id*. at ¶ 14b). Plaintiff argues in response that this was actually a state-law claim because the California Fair Debt Collection Practices Act expressly incorporated some provisions of the federal Act. Though this is the case, defendant's assumption that there was a stand-alone federal claim is still reasonable.

Plaintiff's argument may have ultimately won the day on the motion to remand, but it is not sufficient to show that defendant had no objective basis to remove this action. Now that the parties have agreed to remand, a grant of attorney's fees is simply not warranted. Plaintiff's accusations that defendant had a dilatory motive are similarly inapposite. From the facts presented, it appears that parties were close to stipulating to a remand but failed to work out the final details before plaintiff filed this motion. There is no indication of bad faith or intent to delay by defendant. Accordingly, plaintiff's motion for attorney's fees and costs is **DENIED**.

## CONCLUSION

For all the above-stated reasons, plaintiff's motion to remand is **GRANTED**, and plaintiff's motion for attorney's fees and costs is **DENIED**. Seeing that no further argument is necessary, the hearing on this motion is hereby **VACATED**.

Dated: February 6, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3